UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


111 DEBT ACQUISITION LLC,

      Plaintiff,

      v.

SIX VENTURES, LTD., et al.

      Defendants.

Case No. C2-08-768
JUDGE GREGORY L. FROST
MAGISTRATE JUDGE KING

### ORDER

This matter is before the Court on the City of Reynoldsburg's ("City") unopposed motion to intervene ("City's Motion to Intervene") (Doc. # 153),[1] Plaintiff 111 Debt Acquisition Holdings LLC's ("111 Debt") and Receiver Towne Properties Asset Management Company, Ltd.'s ("Towne Properties") motion to enjoin the state court from deciding a motion before it ("Plaintiffs' Motion to Enjoin the State Court") (Doc. # 136), the City's memorandum in opposition to that motion (Doc. # 154) and Plaintiffs' reply memorandum (Doc. # 163). For the reasons that follow, the Court **GRANTS** the City's Motion to Intervene and **DENIES** Plaintiffs' Motion to Enjoin the State Court.

### I. Background

On July 28, 2006, the City and the Franklin County District Board of Health ("Board of Health") filed Case No. 2006 EVH 060101 in the Franklin County Environmental Court ("the

---

[1] Although the parties completed the briefing on this motion, there was no opposition to it. (*See* Docs. # 162, 164).

Nuisance Action")[2] seeking an injunction and nuisance abatement pursuant to Ohio Revised Code § 3767.41, concerning the real property located at Greenleaf Drive, Reynoldsburg, Ohio, 43069, known in this matter as the "White Birch Property," Franklin County parcel number 060-006249.  Environmental Court Judge Harland Hale has been involved with the Nuisance Action since its inception, holding hearings monitoring the on-going conditions of the White Birch Property and issuing interim agreed orders in 2006, 2007, 2008, and 2009 including the agreed order signed by 111 Debt and the Receiver on February 18, 2009.  Indeed, Judge Hale has conducted an on-site hearing at the White Birch property.  (Doc. # 154, Ex. A).

The instant foreclosure action was filed on August 11, 2008 by 111 Debt against Six Ventures, Ltd. ("Six Ventures"), Wears Kahn McMenamy Ltd., David R. Rhodehamel, Steven M. Kahn, and William C. McMenamy, Jr.  On October 22, 2008, this Court issued an "Agreed Order" appointing Towne Properties as a receiver for several properties involved in this action ("Receivership Properties"), including the White Birch Property.  (Doc. # 42.)  Towne Properties undertook the task of maintaining and repairing the White Birch Property as of October 22, 2008.

On February 11, 2009, a second story walkway collapsed at the White Birch Property. On February 13, 2009, the City issued a notice of condemnation declaring that eight of the thirteen buildings located at the White Birch Property were unsafe for occupancy.  (Doc. # 136, Ex. C.)  Both the City and Towne Properties subsequently assisted tenants in relocating from the condemned buildings. *See id.*  On February 18, 2009, the City, the Board of Health, 111 Debt,

---

[2]The Nuisance Action was filed against Columbus Properties, LP III.  On approximately November 14, 2006, Columbus Properties, LP III transferred ownership of the White Birch Property to Six Ventures, a Defendant in the case *sub judice*.

and Towne Properties entered into an agreed order and the Environmental Court ordered that no person shall occupy any of the eight buildings. *See id.* On March 2, 2009, the City filed a motion in the Nuisance Action requesting that the Environmental Court declare the White Birch Property to be a public nuisance and order the demolition of the eight condemned buildings. *See id.*

After Plaintiffs filed Plaintiffs' Motion to Enjoin the State Court, they filed a request for a stay in the Nuisance Action. The stay motion requests a stay of the Nuisance Action, alleging that this Court has exercised exclusive jurisdiction over the Receivership Properties. (Doc. # 154, Ex. B.)

On April 15, 2009, this Court entered a Judgment Entry Decree of Foreclosure (Doc. # 158) and appointed a Special Master (Doc. # 160) to conduct the sale of the Receivership Properties.

## II. Discussion

### A. City's Motion to Intervene

The City requests permission to intervene in the instant action as a matter of right. Since 2006, the City has been pursuing the Nuisance Action in the Franklin County Environmental Court concerning the White Birch Property. The Federal Rules of Civil Procedure allow intervention of right for any party that "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . . ." Fed R. Civ. P. 24(a)(2). The proposed intervenor must meet four criteria before intervention by right is permitted: (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal

3

interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest. *Triax Co. v. TRW*, 724 F.2d 1224, 1227 (6th Cir. 1984); *United States v. Michigan*, 424 F.3d 438, 443 (6th Cir. 2005).

Here, the Court concludes that the City has met the four criteria required to intervene into this action. The City seeks to intervene for the limited purpose of contesting Plaintiffs' Motion to Enjoin the State Court. (Doc. # 163.) The City responded to the Motion within the time limit allowed, filing a response contemporaneously with the City's Motion to Intervene; therefore, there is no prejudice to any party. Because the City has been involved in a previously pending state court action concerning one of the properties involved in this matter, the City has monitored the progression of this action. However, prior to the filing of the Motion to Enjoin the State Court, the City had no interest in intervening in this matter, and has consequently sought to intervene at the earliest possible time.

Furthermore, the City has an obvious interest in intervening at this time, because 111 Debt and Towne Properties have recently sought from this Court an order enjoining the actions of the City. This gives the City a substantial interest in the litigation, and there is currently no party that is able to adequately represent the City's interests.

Finally, Plaintiffs do not oppose the City's Motion.

Accordingly, the Court **GRANTS** the City's Motion to Intervene. (Doc. # 153.)

**B. Plaintiffs' Motion to Enjoin the State Court**

In Plaintiffs' Motion to Enjoin the State Court, they request "this Court to enforce its October 22, 2008 Agreed Order Appointing Receiver and enjoin the City from further

4

prosecuting proceedings pending in the Franklin County Municipal Court, Environmental Division." (Doc. # 136 at 1) (citing *Peacock v. Thomas*, 516 U.S. 349, 356 (1996) for the proposition that federal courts have authority to enforce their own orders). In the Nuisance Action, the City has filed a Motion for Declaration of a Nuisance and Order for Demolition seeking to declare that the White Birch Property is a public nuisance and asking that it be demolished. Plaintiffs argue that Paragraph 39 of the Agreed Order provides that all parties are enjoined from actions affecting the Receivership Properties, including the White Birch Property. *See id.*

> Paragraph 39 of the Agreed Order provides in relevant part:
>
> Without first seeking permission of this Court via motion and notice to the parties to this action, all creditors, claimants, bodies politic, parties in interest . . . are, jointly and severally, enjoined and stayed from commencing or continuing any act to enforce any claim against Six Ventures and the Receivership Property without first obtaining an order from this Court permitting such action.

(Doc. # 42.)

Initially, the Court notes that Paragraph 39 provides an exception to the stay/injunction provision for commencing or continuing enforcement of a claim. That is, the City could by motion and notice seek permission from this Court to continue participation in the Nuisance Action. However, even without a motion from the City, this Court has the power to authorize the state court to address the ancillary issue of nuisance of one of the Receivership Properties. In an analogous case, the United States Court of Appeals for the Sixth Circuit addressed a clause identical in all relevant respects to Paragraph 39 of the Agreed Order. In *Liberte Capital Group, LLC v. Capwill*, 462 F.3d 543, 547 (6th Cir. 2006), the district court appointed a receiver and established general injunctions against satellite litigation. The appellate court explained:

5

> To the extent that a party has a colorable claim against a receiver or the entities in receivership, due process demands that the claimant be heard, but the district court exercises significant control over the time and manner of such proceedings. *See Liberte Capital Group,* [*LLC v. Capwill,*] 421 F.3d [377,] 382 [(6th Cir. 2005)]; *see also SEC v. Am. Capital Invs., Inc.*, 98 F.3d 1133, 1146-47 (9th Cir. 1996). The district court may require all such claims to be brought before the receivership court for disposition pursuant to summary process consistent with the equity purpose of the court. *See SEC v. Basic Energy & Affiliated Res.*, 273 F.3d 657, 668 (6th Cir. 2001). The district court may also authorize, to the extent that the court deems appropriate, "satellite" litigation in forums outside of the receivership court to address ancillary issues.

*Id.* at 552.

Thus, this Court must decide whether it is appropriate to allow the satellite litigation in the Environmental Court to address the issue of nuisance.

First, the Court agrees with the City that this action and the Nuisance Action are "very different actions filed for very different purposes." (Doc. # 154 at 7). Indeed, "the nuisance litigation was previously pending, is limited in its scope, and does not arise out of the same set of operative facts." *Id.* A Special Master has been appointed to appraise and conduct a sale of all of the properties involved in this foreclosure action, one of which happens to be the subject of a pending nuisance lawsuit. The motion filed by the City in the Nuisance Action requests that either the eight buildings that were condemned be demolished or repaired.

Further, the Environmental Court is expert in this type of litigation[3] and the time and cost that would be involved to appropriately educate this Court as to the merits of the Nuisance Action is a waste of resources to all involved. Environmental Court Judge Harland Hale has

---

[3]The Environmental Division, which began operations in 1992, has one judge, and in addition to performing all of the duties within the general division, it also has exclusive jurisdiction over criminal and civil actions to enforce building, housing, health, or safety codes applicable to premises intended for use as a place of human habitation. http://www.fcmcclerk.com/fcmc/index.php

6

been involved with the nuisance litigation since July 2006, holding hearings monitoring the on-going conditions and issuing interim agreed orders in 2006, 2007, 2008, and 2009. Indeed, Judge Hale has actually conducted an on-site hearing in the Nuisance Action.

Consequently, the Court concludes that it is appropriate for the state court to decide the issue of whether the White Birch Property is a nuisance and this Court will address the property ownership issues. Accordingly, the Court **DENIES** Plaintiffs' Motion to Enjoin the State Court. (Doc. # 136.)

### III. Conclusion

For the reasons set forth above, the Court **GRANTS** the City's Motion to Intervene (Doc. # 153) and **DENIES** Plaintiffs' Motion to Enjoin the State Court (Doc. # 136).

**IT IS SO ORDERED.**

>     **/s/ Gregory L. Frost**
>     **GREGORY L. FROST**
>     **UNITED STATES DISTRICT JUDGE**